**SO ORDERED.**

**SIGNED this 25 day of August, 2015.**

*Stephani W. Humrickhouse*
**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

In Re:                                              Case No. 14-01164-5-SWH

**Michelle Ballard Graham**
                                                    CHAPTER 7
Debtor.

### ORDER ALLOWING MOTION FOR RELIEF FROM AUTOMATIC STAY

THIS MATTER came on before the Court upon the Motion for Relief from Automatic Stay, or, in the alternative, for Adequate Protection filed in this case by Branch Banking and Trust Company ("BB&T"), and after a review of the Motion and for good and sufficient cause shown, the Court makes the following Findings of Fact and Conclusions of Law:

1. Michelle Ballard Graham (the "Debtor") filed a petition under Chapter 7 of the United States Bankruptcy Code on February 28, 2014 ("Petition Date").

2. This Court has jurisdiction over this core proceeding.

3. BB&T is the holder of a certain Promissory Note dated August 4, 2004 executed by Graham & Neal Motors, Inc., payable to BB&T, or order, in the original principal amount of $100,000.00 ("the Note").

4. As of the Petition Date, BB&T held a validly perfected security interest in certain real property of the Debtor and her spouse, Daniel L. Graham, Jr., with an address of 214 South 11th Street, Wilmington, North Carolina (the "Real Property"), by virtue of that deed of trust

recorded in Book 2957, Page 925 of the New Hanover County Register of Deeds (the "Deed of Trust"), which Deed of Trust secures payment of the Note.

5. The Note matured on March 5, 2015 and the balance owed has not been paid. The Note is in default.

6. The Debtor does not have any equity in the Real Property.

7. The Real Property is not necessary to an effective reorganization.

8. The Debtor's Statement of Intention establishes her intent to surrender the Real Property to BB&T.

9. Cause exists for relief from the automatic stay because of the default on the Note and because the interest of BB&T in the Real Property is not being adequately protected.

10. Sufficient cause exists to waive the requirements of Rule 4001 (a)(3) of the Federal Rules of Bankruptcy Procedure thereby giving full force and effect to this order upon its entry.

NOW, THEREFORE, FOR CAUSE SHOWN, IT IS ORDERED, ADJUDGED AND DECREED that the Motion For Relief From Automatic Stay is hereby allowed; that the stay afforded by 11 U.S.C. § 362 is hereby modified to allow BB&T to exercise its rights with regard to the Real Property pursuant to its loan documents and applicable law, including but not limited to foreclosing on the Deed of Trust encumbering the Real Property and serving all requisite notices on the Debtor and all other parties, without further notice, hearing, or order of this Court; that the requirements of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure are waived and that this Order shall have full force and effect upon its entry.

**END OF DOCUMENT**